FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 25 2018
JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EMILY DEY, SAMANTHA MCBRIDE, and MADISON BARNHILL, Each Individually and on Behalf of All Others Similarly Situated** **PLAINTIFFS**

vs. No. 4:18-cv-790-BRW

**CONWAY URBAN AIR, LLC, and UATP MANAGEMENT, LLC** **DEFENDANTS**

This case assigned to District Judge Wilson
and to Magistrate Judge Deere

**ORIGINAL COMPLAINT – CLASS AND COLLECTIVE ACTION**

COME NOW Plaintiffs Emily Dey, Samantha McBride and Madison Barnhill ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys Sean Short and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint – Class and Collective Action against Defendants Conway Urban Air, LLC, and UATP Management, LLC ("Defendants"), do hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1. This is a class and a collective action brought by Plaintiffs Emily Dey, Samantha McBride and Madison Barnhill, individually and on behalf of all hourly-paid workers employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiffs and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas, owning and operating indoor amusement centers in Conway and Little Rock.

7. Plaintiffs were employed by Defendants in Conway.

8. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff Emily Dey ("Dey") is a resident and domiciliary of the State of Arkansas.

11. Within the three (3) years preceding the filing of this Complaint, Plaintiff Dey worked for Defendants' indoor amusement center in Conway and was paid hourly for all hours worked.

12. At all times material herein, Plaintiff Dey has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

13. Plaintiff Samantha McBride ("McBride") is a resident and domiciliary of the State of Arkansas.

14. Within the three (3) years preceding the filing of this Complaint, Plaintiff McBride worked for Defendants' indoor amusement center in Conway and was paid hourly for all hours worked.

15. At all times material herein, Plaintiff McBride has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

16. Plaintiff Madison Barnhill ("Barnhill") is a resident and domiciliary of the State of Arkansas.

17. Within the three (3) years preceding the filing of this Complaint, Plaintiff Barnhill worked for Defendants' indoor amusement center in Conway and was paid hourly for all hours worked.

18. At all times material herein, Plaintiff Barnhill has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

19. Defendant Conway Urban Air, LLC ("Conway Urban Air"), is a domestic limited liability company located in Conway.

20. Defendant Conway Urban Air has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce such as computer equipment, food, and amusement supplies.

21. At all relevant times, Defendant Conway Urban Air continuously employed at least four (4) employees.

22. At all relevant times, Defendant Conway Urban Air's gross volume of sales made or business done has exceeded $500,000.00 per year.

23. Defendant Conway Urban Air's registered agent for service of process is United States Corporation Agents, Inc., 260 Shoppingway Boulevard, Suite A & B, West Memphis, Arkansas 72301.

24. Defendant UATP Management, LLC ("UATP"), is a Texas limited liability company with a principal address of 317 S Jenkins Street, Suite C, Grapevine, Texas 76051.

25. Defendant UATP's registered agent for service of process is Stephen Polozola, 2350 Airport Freeway, Suite 505, Bedford, Texas 76022.

26. Defendant UATP's annual gross volume of sales made or business done is not less than $500,000.00.

27. Defendant UATP has employees engaged in interstate commerce.

28. Separate Defendant UATP has more than four (4) employees.

29. Upon information and belief, Defendant UATP controls or has the right to control the day-to-day operations of Defendant Conway Urban Air such that it is liable to Plaintiffs as an employer under the FLSA.

30. Defendants Conway Urban Air and UATP constitute an integrated enterprise because Defendants' related activities of jointly owning and operating Urban Air indoor amusement centers are for a common purpose within the meaning of the FLSA, 29 U.S.C. § 203(r).

31. Defendants Conway Urban Air and UATP acted jointly as the employer of Plaintiffs and the proposed collective and class members and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA at all times relevant to this lawsuit.

## IV. FACTUAL ALLEGATIONS

32. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

33. During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendants as hourly-paid employees for Defendants' indoor amusement center.

34. Plaintiffs and other hourly-paid workers were paid an hourly rate by Defendants.

35. The basic duties of Plaintiffs and other hourly-paid employees included operating cash registers, assisting customers and helping with the general day-to-day operations of the amusement center.

36. Plaintiffs and other hourly-paid employees routinely worked more than forty (40) hours in a single workweek.

37. Defendants had a practice of not paying Plaintiffs and other hourly-paid employees one and one-half (1.5) times their regular rate for any hours worked in excess of forty (40) hours per workweek.

38. Rather than pay Plaintiffs and other hourly-paid employees one and one-half (1.5) times their regular rate for their hours worked in excess of forty (40) hours per workweek, Defendants simply paid its hourly employees their regular rate for all hours worked, including hours worked in excess of forty (40) per week.

39. At all relevant times herein, Defendants have deprived Plaintiffs and all others similarly situated of an overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

40. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and all others similarly situated violated the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Collective

41. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

42. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. Plaintiffs bring their FLSA claim on behalf of all hourly-paid workers employed by Defendants at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their

regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

44. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibit "A" their written Consents to Join this lawsuit.

45. The relevant time period dates back three (3) years from the date on which Plaintiffs' Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were paid hourly rates;

B. They recorded their time in the same manner; and

C. They were subject to Defendants' common practice of not paying a lawful overtime premium for all hours worked over forty (40) hours per work week.

47. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 25 persons.

48. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendants, and a

Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

**B. AMWA Rule 23 Class**

49. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. Plaintiffs propose to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

51. Common questions of law and fact relate to all members of the proposed class, such as whether Defendants paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

52. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

53. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to

safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

54. Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 40 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

55. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

56. Concentrating the litigation in this forum is highly desirable because Defendants do business in the Eastern District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

57. No difficulties are likely to be encountered in the management of the class.

58. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs were paid an hourly wage by Defendants and experienced the same violations of the AMWA that all other class members suffered.

59. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

60. Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

61. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class, establishing incompatible standards of conduct for Defendants.

## VI. FIRST CLAIM FOR RELIEF
## (Individual Claim for Violation of the FLSA)

62. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

63. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA.

64. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

66. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in each one-week period.

68. Defendants' failure to pay Plaintiffs overtime wages owed was willful.

69. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

70. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

**VII. SECOND CLAIM FOR RELIEF**
**(Collective Action Claim for Violation of FLSA)**

71. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

72. Plaintiffs bring this collective action on behalf of all other hourly-paid workers employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

73. Plaintiffs bring this action on behalf of themselves and all other hourly-paid employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

74. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

75. Like Plaintiffs, other hourly-paid employees regularly worked more than forty (40) hours in a week.

76. Defendants failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

77. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All hourly-paid employees who worked within the three (3) years preceding the filing of this Complaint.**

78. Defendants' conduct and practices, as described above, have been and continue to be willful, intentional, unreasonable, arbitrary and in bad faith.

79. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

80. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF (Individual Claim for Violation of the AMWA)

81. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

82. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA.

83. At all times relevant herein, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

84. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty

(40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

85. Defendants failed to pay Plaintiffs an overtime premium for all hours worked in excess of forty (40) hours in a week as required under the AMWA.

86. Despite the entitlement of Plaintiffs to payment of lawful overtime payments under the AMWA, Defendants failed to pay Plaintiffs a lawful overtime premium.

87. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

88. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

89. Alternatively, should the Court find the Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF
**(Class Action Claim for Violation of the AMWA)**

90. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

91. Plaintiffs, each individually and on behalf of the members of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA.

92. At all relevant times, Defendants have been an "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

93. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

94. Defendants classified Plaintiffs and members of the proposed class as non-exempt from the overtime requirements of the AMWA.

95. Despite the entitlement of Plaintiffs and the members of the proposed class to overtime payments under the AMWA, Defendants failed to pay Plaintiffs and the members of the proposed class an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) per workweek.

96. Plaintiffs propose to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid Arkansas employees who worked within the three (3) years preceding the filing of this Complaint.**

97. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

98. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred

within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

99. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Emily Dey, Samantha McBride and Madison Barnhill, each individually and on behalf of all others similarly situated, respectfully pray as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiffs, the collective action members and the Court for all of the hours worked by them and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation;

I. Judgment for liquidated damages pursuant to the AMWA and the related regulations;

J. For a reasonable attorney's fee, costs and pre-judgment interest; and

K. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**EMILY DEY, SAMANTHA MCBRIDE and MADISON BARNHILL, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EMILY DEY, SAMANTHA MCBRIDE, and MADISON BARNHILL, Each Individually and on Behalf of All Others Similarly Situated** **PLAINTIFFS**

vs. No. 4:18-cv-790-BRW

**CONWAY URBAN AIR, LLC, and UATP MANAGEMENT, LLC** **DEFENDANTS**

**CONSENT TO JOIN COLLECTIVE ACTION**

I was employed as an hourly paid worker for Defendants within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** ______________________
Emily Dey

Date: October 3, 2018

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EMILY DEY, SAMANTHA MCBRIDE, and MADISON BARNHILL, Each Individually and on Behalf of All Others Similarly Situated** **PLAINTIFFS**

vs. No. 4:18-cv-790-BRW

**CONWAY URBAN AIR, LLC, and UATP MANAGEMENT, LLC** **DEFENDANTS**

**CONSENT TO JOIN COLLECTIVE ACTION**

I was employed as an hourly paid worker for Defendants within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** ______________________
Samantha McBride

Date: October 3, 2018

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EMILY DEY, SAMANTHA MCBRIDE, and MADISON BARNHILL, Each Individually and on Behalf of All Others Similarly Situated** **PLAINTIFFS**

vs. No. 4:18-cv-790-BRW

**CONWAY URBAN AIR, LLC, and UATP MANAGEMENT, LLC** **DEFENDANTS**

**CONSENT TO JOIN COLLECTIVE ACTION**

I was employed as an hourly paid worker for Defendants within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** ______________________
Madison Barnhill

Date: October 10, 2018

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**